UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. 21 CR 414 (DLF) |
| | : | |
| DION WASHINGTON, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its memorandum in aid of sentencing.   For the reasons herein, the United States requests that the Court sentence the defendant to a period of 31 months of incarceration; the government further requests that the Court impose a period of 3 years of supervised release.   The government is not requesting any fines or restitution in this case, other than the required court costs.   In support of this sentence, the government states the following.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On June 21, 2021, a grand jury returned a four-count indictment charging Defendant Dion Washington with four separate counts of Unlawful Distribution of Cocaine Base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)).   The indictment included a Forfeiture Allegation requiring the forfeiture of any property constituting, or derived from, any proceeds obtained, directly or indirectly as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of those offenses.

On March 11, 2022, Defendant Washington pled guilty to the first count of the

1

Indictment.   The defendant accepted a factual proffer support of his guilty plea that included the following facts:

On January 30, 2020, an individual who was working in the capacity of a Confidential informant ("the CI") for the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), texted the defendant, Dion Washington, who the CI had met the day before in the 4200 block of 7th Street, Southeast, Washington, DC.   The CI asked to purchase a quantity of crack cocaine and Washington agreed.   The CI and its vehicle were equipped with recording devices and the CI was given ATF funds in cash.   The CI drove to the 4300 block of 7th Street where Washington approached the CI's vehicle, and then advised that two "quarters" would cost $400/each. Washington then entered a nearby Mercedes Benz, then got back out, and entered the CI's vehicle. Washington weighed out a white rock-like substance in the amount of 13.2 grams in exchange for $800.   The CI left the area and turned over the narcotics over to the agents.   Subsequent laboratory testing revealed that the substance was positive for cocaine base.

The CI made additional purchases of cocaine base from Washington on February 4, 2020, February 21, 2020, and July 16, 2020.   The total amount of cocaine base that the defendant sold on the three days was 80.18 grams.   The cocaine base was tested by the DEA lab and confirmed to be cocaine base.

In the plea agreement, the government agreed to cap its allocution at 31 months' incarceration.

## II.     DISCUSSION AND RECOMMENDATION

When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in Title 18, United States Code, Section 3553(a).   *See United States v.*

*Gall*, 128 S. Ct. 586, 596 (2007).   Indeed, the Guidelines themselves are designed to calculate

sentences in a way that implements the considerations relevant to sentencing as articulated in

Section 3553(a). *United States v. Rita*, 127 S. Ct. 2456, 2463-65 (2007).   The Section 3553(a)

factors include: (1) the nature and circumstances of the offense and the history and characteristics

of the defendant; (2) the purposes of the statute; (3) the kinds of sentences available; (4) the

sentencing guidelines; (5) policy statements; (6) the need to avoid unwarranted sentence

disparities; and (7) the need to provide restitution to any victims.

        1.   Statutory Penalties and the U.S. Sentencing Guidelines

The offense of Unlawful Distribution of Cocaine Base, in violation of Title 21, United

States Code, Sections 841(a)(1) and 841(b)(1)(C) carries with it a maximum sentence of 20 years

of imprisonment; a fine not to exceed the greater of that authorized in accordance with the

provisions of Title 18 or $1,000,000; a term of supervised release of not less than three years and

up to life; and an obligation to pay any applicable interest or penalties on fines and restitution not

timely made.

Offense Level Calculation

In the plea agreement, the parties agreed that the base offense level is governed by U.S.S.G.

§ 2D1.1(c)(8).   Specifically, that provision applies because the offense involved a "[a]t least 28

[grams] but less than 112 [grams] of Cocaine Base. *id*.   On February 21, 2022, the previously

assigned Assistant United States Attorney first conveyed a plea offer by noting a base offense level

of 24 based on § 2D1.1(c)(8) because the defendant was accountable for 58 grams of cocaine base.

Both parties, as of February 21, 2022, explicitly understood the defendant's total offense

level to be 24 and his adjusted offense level, after the subtraction of 3 points for acceptance of

3

responsibility, to be 21.   Counsel for the government and for the defendant did not revisit that

understanding, and the plea offer remained pending until the defendant entered the plea on March

11, 2022.   However, the draft Presentence Report ("PSR") computed the same base offense level

of 24 but added 8 points under U.S.S.G. § 4B1.1(b)(3) because it found Defendant Washington to

be a career offender under § 4B1.1(a).   The PSR based this finding on Defendant Washington's

DC Superior Court convictions for distribution of cocaine in 2004 and possession with intent to

distribute marijuana in 2017, stating that both offenses appear to meet the definition of "controlled

substance offenses" under U.S.S.G § 4B1.2(b).

The undersigned agrees with the PSR that those offenses qualify as "controlled substance

offenses."    Under the categorical approach, the key inquiry is whether the elements the

Defendant's convictions meet the definition of a controlled substance offense under U.S.S.G. §

4B1.2(b).   *See United States v. Brown*, 892 F.3d 385, 402 (D.C. Cir. 2018) (applying the

categorial approach to the Guideline definition of "crime of violence"); *see also United States v.

Cavazos*, 950 F.3d 329, 335 (5th Cir. 2020) (applying the categorical approach to the Guideline

definition of "controlled substance offense.").   Here, the Defendant's 2004 conviction for

distribution of cocaine arose under D.C. CODE § 48-904.01(a), which at the time made it unlawful

"for any person knowingly or intentionally to manufacture, distribute, or possess, with intent to

manufacture or distribute, a controlled substance."   A violation of that section was punishable by

more than one year.   By comparison, the Guidelines define a controlled substance offense as

> an offense under federal or state law, punishable by imprisonment for a term
> exceeding one year, that prohibits the manufacture, import, export, distribution, or
> dispensing of a controlled substance (or a counterfeit substance) or the possession
> of a controlled substance (or a counterfeit substance) with intent to manufacture,

import, export, distribute, or dispense.

U.S.S.G. 4B1.2(b).   It is clear that there is no behavior that § 48-904.01(a) criminalizes that would not also fit the definition of a controlled substance offense, therefore that 2004 conviction is a predicate offense for the purposes of the career criminal enhancement.   The same is true for the Defendant's 2017 conviction for possession with intent to distribute marijuana, which arose under a later version of the statute that nonetheless maintained the same elements of the earlier version.[1]

It appears that the career criminal enhancement was not considered during plea negotiations, however, because the parties did not consider the 2004 conviction eligible for separate counting under U.S.S.G. §4A1.1(a), (b), or (c).   The 2004 sentence was imposed over ten years prior to the offense giving rise to this case, and that sentence only amounted to 180 days of imprisonment.   *See* U.S.S.G. § 4A1.1(a) cmt. n.1.   But it has since become clear through the documents provided by Probation Services that Defendant Washington's probation term under that 2004 sentence was revoked multiple times, and the ultimate sentence he served exceeded thirteen months and was not extinguished until 2015.   Therefore, the conviction should have been counted under § 4A1.1(a).   *See* U.S.S.G. § 4A1.2(k) (sentences of imprisonment imposed due to revocations of parole or probation are to be added to the original term of imprisonment for counting under § 4A1.1(a), (b), or (c)).   The applicable adjusted offense level, factoring in the 3-point

---

1 The current version of § 48-904.01(a) differs from the earlier version in that it decriminalizes the possession of a certain amount of marijuana and certain transfers of small amounts of marijuana.  However, this only narrows the category of behavior criminalized by § 48-904.01(a), therefore it does not alter the categorial match between what § 48-904.01(a) does criminalize and the definition of a controlled substance offense.

reduction, is therefore 29.

A.  Criminal History Category

Because the Defendant's offense level is determined under U.S.S.G. § 4B1.1(b), his criminal history category is IV.

### Sentencing Recommendation

The government agreed in the plea agreement to cap allocution at 25% of the low-end of the applicable guideline range, which at the time of the plea the parties believed would be 31 months' incarceration.   Under the applicable guideline range set out in the PSR, 25% of the low-end would amount to 113 months.   Under the totality of circumstances, the government believes that a 31-month sentence of incarceration serves the interests of justice and appropriately balances the sentencing factors under 18 U.S.C. § 3553(a).

The nature of this offense is undoubtedly serious.   Defendant Washington sold cocaine base to a CI on three separate occasions.   This is also not his first drug offense.   However, the government notes that the most serious of Defendant Washington's prior convictions occurred in 2004.   The government is not blind to Defendant Washington's failure to abide by the terms of supervised release under that sentence, but the relative age of this conviction still weighs in favor of the government's requested sentence.   Further, the revocations at issue are generally based on drug use failure to submit to drug testing, but not drug distribution or any violent behavior.

Further, the government credits the Defendant's acceptance of responsibility in this case. The defendant has pleaded guilty to Court One of the indictment.   The Defendant has through defense counsel conveyed interest in entering a guilty plea and began engaging in discussions with the government on that topic within the first month after his indictment.   A final resolution was

somewhat delayed due to a change in counsel, but during that time the Defendant did not challenge his pretrial detention, but instead consented to continuances of his detention hearing to allow the plea agreement to be reached.   By accepting responsibility, the Defendant has reduced the resources that the government would have been required to expend had this case proceeded to trial.

Finally, the government is cognizant of the marked difference between the estimated guideline range the parties believed applicable and the actual guideline range.   But the significant difference between the two ranges – which was not readily apparent given the sentence that was actually imposed in 2004 for that 2004 conviction - counsels against casting aside the earlier understanding pursuing a significantly harsher sentence.   The ends of justice will be better served by the sentence originally contemplated.

Accordingly, the government requests that the Court sentence Defendant Washington to 31 months' incarceration and three years of supervised release.

### III.    CONCLUSION

For the foregoing reasons, the government recommends that the Court sentence the defendant to a sentence of 31 months' incarceration, to be followed by a term of 3 years of supervised release.   The government submits that a sentence of 31 months of imprisonment is an

appropriate sentence that serves the interests of justice and appropriately balances the sentencing

factors under 18 U.S.C. § 3553(a).

 

          Respectfully submitted,

          MATTHEW M. GRAVES
          United States Attorney
          D.C. Bar Number 481052

By: */s/ Aaron Stewart*
          AARON J. STEWART
          Special Assistant United States Attorney
          OK Bar Number 31721
          United States Attorney's Office
          601 D. Street NW
          Washington, D.C.   20530
          Telephone: 202-252-2644
          Email: astewart1@usdoj.gov